W. P. DAVIS et al., v. SLOAN OIL COMPANY et al.

and

WARSON PETROLEUM CO. v. SLOAN OIL COMPANY.

Western Section.   March 3, 1931.

Petition for Certiorari denied by Supreme Court, July 1, 1931.

R. G. Draper and Holmes, Canale, Lock & Glankler, all of Memphis, for appellant.

Sam Costen, of Memphis, for appellee, State Bank of Cowden.

Canada, Russell & Williams, of Memphis, for appellee, Warson Petroleum Company.

SENTER, J.  These two causes were by consent consolidated and tried together in the Chancery Court of Shelby County under a stipulation that the proof in both causes should be filed and constituted a part of the record in each cause.  In cause No. 35791 (Rule Docket) Frank Thompson and W. P. Davis filed an original injunction and attachment bill against S. M. Sloan, Sloan Oil Company, Warson Petroleum Company, First National Bank and Missouri Pacific R. R. Company, as defendants, alleging in substance that on August 27, 1928, the complainants entered into a written contract with the defendants, Sloan Oil Company, and S. M. Sloan, by the terms of which the defendant Sloan Oil Company and S. M. Sloan agreed to furnish and complainants agreed to buy from said defendants, certain petroleum products, including gasoline, upon a marginal basis of 4c per gallon less the Standard Oil Company of Louisiana's posted tank-wagon price in Memphis, and also to allow to complainants all concessions which are given to dealers by the Standard Oil Company of Louisiana, amounting to 2c per gallon ; and further provided that the defendants would deduct from their invoices a margin as specified by said contract, freight, storage, tax and inspection tax at the time the invoices are returned to the complainants, setting forth the amount of the storage tax and other items. It is further alleged in the original bill that said defendants, Sloan Oil Company and S. M. Sloan, under the terms of said contract, were to pay the freight and the inspection tax on any gasoline shipped to the complainants, and that the complainants were given the right and authorized to negotiate the sale of gasoline in car lots to customers of complainants upon the terms as hereinbefore stated, and that sight draft with bill of lading attached would be drawn on complainants for gasoline shipped to them under the contract, at a price less 4c margin, 2c concession and 3c tax.  The bill further alleges that on the —— day of August, 1928, pursuant to the terms of the contract, complainants' ordered from said defendants, Sloan Oil Company and S. M. Sloan, thirteen cars of gasoline, all of which had been resold by complainants to their customers on the basis of the contract; that at the time said order was made for the thirteen cars the Standard Oil Company tank-wagon price for gasoline in

Memphis was 17c per gallon. The bill further alleges that the Sloan Oil Company shipped to complainant 102,303 gallons of gasoline billed in different lots to the various parties to whom complainant had resold same, and drew a sight draft against complainants with bills of lading attached in the aggregate sum of $11,033.11. The bill alleges that said sum was far in excess of the amount for which said draft should have been drawn and was greatly in excess of the amounts due and owing by complainant to the defendants under the terms of said contract for said gasoline, and that the failure of the defendant to deliver the gasoline at the contract price has greatly damaged and embarrassed complainants in the sale and handling of the gasoline, and has rendered it impossible for the complainants to comply with their contracts with their customers for the delivery of same, resulting in a damage to complainants of $700.

The bill further alleges that said contract between the complainants and the Sloan Oil Company and S. M. Sloan provided for the sale by the defendants to complainants of certain wholesale oil station equipment, on the terms of $1,000 cash and certain negotiable securities in the sum of $500, and that the defendants had failed to ship the equipment, and alleging that said defendants were acting in bad faith, and were nonresidents of the State of Tennessee, and without any property or financial standing, and if not restrained by injunction would take said money and notes out of the state and negotiate the notes. The original bill further alleged that prior to this transaction the same two defendants had sold to complainants, and shipped same to complainants' customers ten cars of gasoline, representing that the city inspection tax had been paid on same, and it later developed that said tax had not been paid amounting to the sum of $320, and which amount defendant seeks to recover in this suit. The First National Bank & Trust Company of Memphis, is made a defendant because that bank holds the drafts and bills of lading covering the 13 cars of gasoline, and the bill alleges that it is necessary for the protection of complainants that said bank be restrained from taking any action whatever with regard to said drafts, or from returning same to the defendants pending suit. The Missouri Pacific Railroad Company is made a defendant by reason of the fact that the 13 cars of gasoline referred to in the bill, are in the custody of said defendant, or was at the time the bill was filed, and alleging that it is necessary and proper that said railroad company be enjoined from releasing said 13 cars of gasoline, or from removing same from the jurisdiction of the Chancery Court of Shelby County.

The Warson Petroleum Company is made a defendant, as alleged in the bill, by reason of the fact that the drafts covering the 13 cars

408

of gasoline were signed by the said Warson Petroleum Company, and that complainants do not know the status of that defendant.

The prayer of the bill seeks to recover the amount alleged in the bill as damages and indebtedness against the Sloan Oil Company and Sam Sloan, and seeks injunctions against the First National Bank of Memphis, and the railroad company, and also seeks to impound the 13 cars of gasoline pending the orders of the court.

On September 10, 1928, the complainants filed an amended bill alleging in substance that at the time complainants entered into the contract described in the original bill, that they were induced by the false and fraudulent representations of the defendants Sloan Oil Company and S. M. Sloan, to execute four certain promissory notes, each in the sum of $1250, due respectively, six, twelve, eighteen and twenty-four months from date, with interest at the rate of 6% from date. That said notes were each signed by the complainants, and are negotiable and in the possession of the defendant, Sam Sloan, a non-resident of the State of Tennessee, and that said defendants had removed themselves from the state of Tennessee. It is further alleged that the complainants verily believe that it is the purpose and intention of said defendants to make some sort of transfer of said notes, with the view of getting same into the hands of some alleged innocent purchaser, and alleges that complainants are entitled to have said defendants enjoined from transferring or disposing of said notes, and to have same in the court for cancellation.

This amendment also alleges that the 3c per gallon State tax on the 13 cars of gasoline should have been deducted from said drafts, and that this amounted to $3,000. Other allegations are contained in this amendment to the bill which we deem unnecessary to refer to.

On September 13, the defendant, Missouri Pacific Railroad Company, filed a motion to quash the writ of attachment covering the 13 cars of gasoline on the grounds that it appeared from the pleadings and the stipulation that the 13 cars of gasoline had been shipped under a shippers order bill of lading issued by said railroad company to the consignor, which are negotiable instruments under Federal statutes regulating same, and that said shipments moved in interstate commerce, and as such are controlled by Chapter 415, Par. 23, 39 Statutes at Large, 542, of the Federal Laws, and that said shipments are not subject to attachment under said Federal Laws, and that the only means of impounding such shipments is to impound the bills of lading in the hands of the holders, or to enjoin the negotiation of the same.

This motion to quash was sustained by the Chancellor on September 13, 1928, and the attachment writ was accordingly quashed, and the 13 cars of gasoline released from the attachment.

The defendants, Sloan Oil Company and Sam Sloan, filed an answer to the original and amended bill and also filed a cross-bill against the complainants. Since these two defendants made no further appearances in the cause we deem it unnecessary to further refer to the answer and cross-bill of these two defendants.

The defendant, Warson Petroleum Company, filed an answer, by which it alleged that S. M. Sloan ordered the 13 car loads of gasoline to be shipped by this defendant to the complainants, and pursuant to the instructions given by S. M. Sloan, or the Sloan Oil Company, being the same, it shipped the 13 cars of gasoline to the complainants and drew the drafts with shippers order bills of lading attached, and that it was the bona fide owner and holder of the bills of lading and had never parted from the title of said 13 cars of gasoline, and that said gasoline remained the property of that defendant until the drafts were paid, and that the drafts had not been paid by the complainants. These defendants asked in the answer that a reference be made to ascertain the damages sustained by this defendant by the wrongful attachment of the 13 cars of gasoline, and that the attachment bond be subjected to the payment of the claim of this defendant, and that judgment be pronounced thereon for such amount as the court may find it to be entitled to.

These defendants make their answer a cross-bill seeking to recover against the cross-defendants and original complainants the sum of $1831.63 with interest as the alleged damages sustained for the wrongful suing out of the attachment.

The cross-defendants, relying on the allegations in the original bill by way of answer to the cross-bill, denied any liability to these cross-complainants.

On April 18, 1929, the original complainants, by leave of the court being first obtained, filed an elaborate amended and supplemental bill by which the State Bank of Cowden, Illinois, is made a defendant, and Edwin Erwin and Costen & Wallace, a partnership composed of Sam Costen and Phil Wallace, practicing attorneys in Memphis, are made defendants. By this amended and supplemental bill the allegations and charges contained in the original bill are referred to, and reiterated as to the transactions with S. M. Sloan and Sloan Oil Company, and also the fact of the execution of certain trade acceptances for the sum of $571 each, and also the delivery to S. M. Sloan of the five $100 negotiable notes executed to complainant W. P. Davis by the defendant Edwin Erwin. The amended and supplemental bill further refers to the execution and delivery by complainants to the Sloan Oil Company the four promissory notes in the sum of $1250 each.

The amended and supplemental bill further alleges that the State Bank of Cowden, represented by the defendant, Costen & Wallace, had filed two suits in a Justice of the Peace Court in Shelby County,

Tennessee. One of said suits being against these complainants and the defendant, Edwin Erwin, on the five promissory notes of $100 each, which were delivered by the complainants to S. M. Sloan and the Sloan Oil Company, and described in the original bill. The other suit by the State Bank of Cowden against W. P. Davis and Frank Thompson on a trade acceptance executed by complainants to the Warson Petroleum Company and endorsed by W. P. Davis and the Sloan Oil Company, payable to the State Bank of Cowden. The amended and supplemental bill further alleges that under the original bill the defendants, S. M. Sloan and the Sloan Oil Company, were enjoined from transferring, negotiating or disposing of the said five notes upon which they had been sued by the defendant, State Bank of Cowden in a Justice of the Peace Court. It is further alleged that said five notes were delivered to S. M. Sloan as a part of the consideration for the filing station equipment, and that no consideration had been received for said notes by complainants, and that S. M. Sloan and the Sloan Oil Company had breached their contract and had perpetrated a fraud upon complainants in procuring these notes, as well as the other part of the consideration. The bill further alleged that the Bank of Cowden was not an innocent purchaser or holder of said notes for value, and that the said notes and also the trade acceptance sued on by said Bank of Cowden were the property of S. M. Sloan and the Sloan Oil Company, and alleged that said notes should be cancelled and surrendered up and that said trade acceptance should be applied to the indebtedness which S. M. Sloan and the Sloan Oil Company owed to complainant, and enjoined the suits at law by the Cowden Bank. The Bank of Cowden answered the amended and supplemental bill and filed a cross-bill, denying the allegations in the bill with reference to said State Bank of Cowden, and alleging that it was an innocent purchaser and holder of said notes and trade acceptance for value, and prayed for a judgment on the same.

The foregoing pleading by the respective parties present the issues and questions considered and determined by the Chancellor in cause No. 35791. The conclusions reached by the Chancellor in said cause on all the issues of fact and law are set forth in a finding of the facts by the Chancellor, and the decree thereon, and will be further referred to and discussed in this opinion.

Cause No. 36079 (R. D.), consolidated with cause No. 35791, is an original bill filed by Warson Petroleum Company against Frank Thompson and W. P. Davis to recover on a trade acceptance executed by the defendants to complainant. Said trade acceptances being for the sum of $571. The original bill alleges that the trade acceptance sued on was one of two executed by the defendants in settlement of a car load of oil sold by complainant to the defendants,

one for the sum of $571, and the other for the sum of $571.81, and that complainant is not now the owner and holder of the $571.81 trade acceptance.

By their answer the defendants denied that it was indebted to the complainant on said trade acceptance, and alleged that they did not buy the car load of oil from complainant but bought the same from Sloan Oil Company. The answer further alleges that the oil shipped to and received by them and for which said trade acceptances were given, was not of the quality purchased.

At the hearing of the causes the Chancellor held and decreed that the Sloan Oil Company and S. M. Sloan fraudulently and for no consideration obtained from complainants, W. P. Davis and Frank Thompson, the sum of $1,000 cash and five promissory notes in the sum of $100 each, payable to the order of W. P. Davis and signed by Edwin Erwin; and also four promissory notes in the sum of $1250 each, signed by W. P. Davis and J. M. Thompson and Frank Thompson; and further held that the Sloan Oil Company and S. M. Sloan were also indebted to complainants Frank Thompson, W. P. Davis and J. M. Thompson, the sum of $1236 as damages sustained on account of loss of profits growing out of the breach by said Sloan Oil Company and S. M. Sloan of the contract of August 28, 1928, and decreed a judgment in favor of the complainants and against the Sloan Oil Company and S. M. Sloan for the sum of $1236 as damages for the breach of the contract, and the further sum of $1,000, the cash fraudulently and without consideration obtained from complainants, and the five $100 notes executed by Edwin Erwin to W. P. Davis, and the four promissory notes for $1250 each payable to the Sloan Oil Company and signed by W. P. Davis and Frank Thompson and J. M. Thompson, and adjudged all the costs arising or accruing on the original bill No. 35791 R. D. against S. M. Sloan and the Sloan Oil Company. The Sloan Oil Company and S. M. Sloan did not appeal from the decree.

The Chancellor further held and decreed that the Warson Petroleum Company was entitled to recover of the complainants and surety on the attachment bond the sum of $465.40 for damages resulting from the wrongful attachment of the thirteen car loads of gasoline, and was also entitled to recover of W. P. Davis and Frank Thompson the sum of $625.25, being the principal and interest to the date of the decree on the trade acceptance in the sum of $571 sued on, and decreed accordingly.

The Chancellor further decreed that the State Bank of Cowden is the owner of the said five $100 note executed by Edwin Erwin to W. P. Davis, holding that the said Bank of Cowden was the holder in due course for value and without notice before maturity of said five $100 notes. And further decreed that said Bank of Cowden recover the sum of $500 principal, and $50.83 as interest,

and $50 attorneys fees on said notes. And further decreed a judgment in favor of the State Bank of Cowden against W. P. Davis and Frank Thompson the sum of $571 as principal, and $54.21 as interest, upon the trade acceptance sued on by the cross-bill of said State Bank of Cowden. The Chancellor held that the said State Bank of Cowden was the holder in due course for value and without notice before maturity of said trade acceptance. The Chancellor decreed that W. P. Davis and Frank Thompson and J. M. Thompson pay the costs arising upon the cross-bills of Warson Petroleum Company and the State Bank of Cowden and the costs arising under the original bill No. 36079 R. D.

From so much and that part of the decree adjuding a recovery in favor of Warson Petroleum Company for damages growing out of the wrongful attachment of the 13 cars of gasoline; and for a recovery upon the trade acceptance in the sum of $625; and from that part of the decree adjudging that the State Bank of Cowden is the owner of the five $100 notes payable to the order of W. P. Davis and signed by Edwin Erwin and adjudging a recovery thereon, and from that part of the decree adjudging that the State Bank of Cowden is entitled to recovery from the complainants upon the trade acceptance in the sum of $625.25, W. P. Davis, Frank Thompson and J. M. Thompson, III, excepted, and prayed an appeal to this court, and have assigned errors.

The first two assignments of error are directed to the action of the court in allowing and adjudging a recovery in favor of the Warson Petroleum Company in the sum of $465.40 as damages for the wrongful suing out of the attachment, and in decreeing a judgment in favor of the Warson Petroleum Company in the sum of $625 on the trade acceptance. Under these assignments it is urged, first, that the thirteen cars of gasoline had been sold by Warson Petroleum Company to the Sloan Oil Company on August 30, 1928, and that appellants did not purchase this gasoline from the Warson Petroleum Company but purchased same from the Sloan Oil Company and S. M. Sloan; that these thirteen cars of gasoline were invoiced or charged by the Warson Petroleum Company to the Sloan Oil Company, and that the title to this gasoline was in the Sloan Oil Company to whom it had been sold by the Warson Petroleum Company. Second, that no damages resulted to the Warson Petroleum Company by reason of the attachment of the gasoline, and that said attachment was never recognized by either the Warson Petroleum Company or the Sloan Oil Company during the time the attachment was in force.

As to the first contention made, we think it clear from the record in this cause that the Warson Petroleum Company received from S. M. Sloan (who was the Sloan Oil Company) an order for the

thirteen car loads of gasoline, the same to be shipped to complainants at Memphis, with shippers order bills of lading attached to drafts drawn on complainants to cover the shipments. The shippers order bills of lading were at all times held by the Warson Petroleum Company and were attached to the drafts and not to be surrendered until the drafts were paid. We think it clear from the record that the Warson Petroleum Company did not part with the title to the thirteen cars of gasoline. We are further of the opinion that the matter of making an invoice to S. M. Sloan, or the Sloan Oil Company, did not constitute a sale and delivery of the thirteen cars of gasoline to the Sloan Oil Company. It would appear from the record that the Warson Petroleum Company regarded S. M. Sloan, or the Sloan Oil Company, as a broker and accepted the order from him in that capacity, and shipped the gasoline to complainants by direction of S. M. Sloan or the Sloan Oil Company, but did not surrender the gasoline but held same until the drafts were paid and the bills of lading released or surrendered to the consignee and payor of the drafts. It is the theory and contention of appellants that there was collusion between the Warson Petroleum Company and S. M. Sloan in the perpetration of a fraud upon appellants. Without reviewing the evidence upon this question, we are constrained to concur in the conclusions reached by the Chancellor to the effect that there was no evidence in the record sustain this contention. We are of the opinion that the Chancellor reached the correct conclusion in holding and decreeing that the gasoline attached by appellants was the property of the Warson Petroleum Company and that all damages resulting from the wrongful attachment of the property is recoverable under the cross-bill. We also concur in the conclusion reached that this damage amounted to the sum of $465.40, which includes the interest and for which judgment was decreed. It results that the first assignment of error and the two sub-divisions thereof, are overruled.

The second assignment and the two sub-divisions thereof are directed to the action of the court in decreeing a judgment in favor of Warson Petroleum Company against W. P. Davis and Frank Thompson in the sum of $625 on the trade acceptance executed by them on the 28th day of August, 1928, for the sum of $571. Under this assignment it is insisted that, (1) this acceptance was in fact the property of S. M. Sloan and the Sloan Oil Co., and had been charged back by the Warson Petroleum Co., to the account of S. M. Sloan; and (2) that it is but an indirect attempt by S. M. Sloan and the Sloan Oil Company to recover an amount that could not be recovered by them directly.

It appears that the trade acceptance upon which Warson Petroleum Company sued was one of two given by the defendants in settlement

of a car load of oil. When this car load of oil was shipped by the Warson Petroleum Company to the defendants, draft with bill of lading attached was made on the defendants. The defendants had ordered this car load of oil through S. M. Sloan, and claimed that it was to be sold on terms. The Warson Petroleum Company was notified by the defendants upon the arrival of the car and the presentation of the drafts for payment, and it resulted in the Warson Petroleum Company taking the two trade acceptances in settlement. It does not appear that this car load of oil had any relation to the contract for the equipment and the thirteen cars of gasoline made the subject of the contract between Sloan and the defendants. It does appear that in adjusting the accounts between S. M. Sloan and the Warson Petroleum Company one of these trade acceptances was delivered to S. M. Sloan, but the trade acceptance sued on was owned and held by the Warson Petroleum Company when the suit was filed thereon. We are of the opinion that the Chancellor reached the correct conclusion in finding and holding and decreeing that the Warson Petroleum Company was entitled to recover a judgment on the trade acceptance with interest thereon. It results that the assignments of error directed toward the judgment in favor of the Warson Petroleum Company are overruled and disallowed, and the decree of the Chancellor as to these matters is affirmed.

The third, fourth and fifth assignments are all directed to the decree of the Chancellor in favor of the State Bank of Cowden. By these assignments it is contended that the Chancellor erred in holding and decreeing that the Bank of Cowden was the owner of the five $100 notes and entitled to recover thereon the principal, interest and attorneys fees. Under this assignment it is the contention of appellants that these five notes had been fraudulently obtained from the complainants by S. M. Sloan and that no consideration had been paid for them; that the State Bank of Cowden had parted with no consideration and had given no value to the said S. M. Sloan and the Sloan Oil Company for said notes, and by collusion with said S. M. Sloan and by a manipulation of its books and accounts said bank is attempting to collect on said notes for the use and benefit of said S. M. Sloan; that the State Bank of Cowden had failed to show that it was the holder in due course, for value, of said notes; that said State Bank of Cowden had been repaid by said S. M. Sloan and the Sloan Oil Company any and all sums paid by it for said notes.

It appears that when S. M. Sloan received these five notes as a part of the consideration for certain gasoline equipment under the contract he made with appellants, he took these notes to the State Bank of Cowden, Cowden, Illinois. The State Bank of Cowden claims to have discounted these five notes for S. M. Sloan and placed

the amount thereof to the credit of the wife of S. M. Sloan on her bank account with said bank. It also appears that S. M. Sloan resided about seven miles from Cowden, Illinois, and did a large banking business with said bank, and that the bank account was kept in the name of his wife, but with instructions from her for S. M. Sloan to check on her account at the bank, which he did. We think it clear from the record that S. M. Sloan, who was the Sloan Oil Company, wilfully and deliberately perpetrated a fraud upon appellants in obtaining these notes and the other notes and the cash. It is clear that he gave no consideration for these notes as he never furnished the equipment that he contracted to furnish. Subsequently, S. M. Sloan negotiated the trade acceptance which he had obtained from the Warson Petroleum Company to the State Bank of Cowden. This trade acceptance was for the sum of $571.81. The notes and the trade acceptance were negotiated by S. W. Sloan to the State Bank of Cowden before maturity. After the maturity of the notes and the trade acceptance, and the same not having been paid by the makers it appears that the State Bank of Cowden took the note of S. M. Sloan, or the Sloan Oil Company, for the sum of about $5,000, and included the amount of these five notes and the trade acceptance in the note for 5,200 odd dollars. He had also negotiated one of the $1250 notes which he had received from complainants to said State Bank of Cowden, and this $1250 note was also included in the $5200 note which he subsequently gave to the State Bank of Cowden, and the $1250 note was delivered to him, but the five $100 notes and the $571.81 trade acceptance were held by the State Bank of Cowden, and according to the evidence in the record were never delivered to S. M. Sloan or the Sloan Oil Company but remained the property of the State Bank of Cowden.

We have carefully reviewed all the evidence in the record and the finding of the facts as found by the Chancellor. There are some facts and circumstances that would cast suspicion upon the officers of the State Bank of Cowden in their dealings with S. M. Sloan and in the handling of this paper and his account with the bank. However, we find no evidence in the record to sustain the contention of appellants to the effect that the bank officials of the State Bank of Cowden were in collusion with S. M. Sloan, or that the bank had any notice of any irregularities in said paper, or of any fraud perpetrated by Sloan upon the appellants. So far as the record discloses the State Bank of Cowden became the purchaser of said five notes and the trade acceptance before maturity, and without any notice of irregularity or fraud, and was an innocent holder for value of this paper sued on under the cross-bill of the State Bank of Cowden.

We are also of the opinion that the learned Chancellor reached the correct conclusion in finding and holding that these five notes

416

and the trade acceptance remained the property of the State Bank of Cowden, when the $5,212 note was executed to it by Sloan. We are of the opinion that if the bank at the time it took the note or notes of S. M. Sloan for $5,212, agreed that the taking of the notes constituted a payment of the indebtedness included in the amounts for which the note was taken, that there would be a novation, and the bank could not sue upon the old paper. However, there is no evidence in the record that the bank at the time it took the notes of Sloan for $5,212 agreed to accept same as payment of these notes and trade acceptance, and as a fact the bank continued to hold these notes and trade acceptance with the intention to collect same from the makers. It is explained by the cashier of the bank in his deposition that the reason why the bank included these notes in the $5,212 note executed by Sloan was because this paper was past due and in order to meet the requirements of the State Bank Examiners of the State of Illinois he included these notes in making up the total sum of $5,212 represented by the note executed to it by Sloan, and did not agree to or intend that in so doing that a novation would result. In this situation we do not think that the State Bank of Cowden lost or surrendered any rights to sue and obtain a recovery against the makers and endorsers of this paper. We think this question is settled in the cases of Dies et al. v. Wilson County Bank, 129 Tenn., 89, and First National Bank of Sparta v. Yowell, 155 Tenn., 430.

The Chancellor has filed with the record a very full and elaborate finding of the facts. Since we fully concur in the facts as found by the Chancellor, and his findings being in the record, we deem it unnecessary that we go into a full analysis and discussion of the somewhat voluminous evidence.

We find no error in the decree of the Chancellor, and all assignments of error are overruled, and the decree of the Chancellor as to both appellees is accordingly affirmed. Appellants and surety on the appeal bond will pay the cost of this appeal.

Longstreet and Heiskell, Sp. JJ., and Owen, J., concur.